STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ABIYE ASSAYE, Defendant-Appellant
No. 29078
Intermediate Court of Appeals of Hawaii
January 13, 2009.
On the briefs:
James S. Tabe, Deputy Public Defender, State of Hawai`i, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

NOT FOR PUBLICATION

SUMMARY DISPOSITION ORDER
WATANABE, Presiding J., FUJISE, and LEONARD, JJ.
Defendant-Appellant Abiye Assaye (Assaye) appeals from the judgment of conviction entered by the District Court of the First Circuit (district court)[1] on February 27, 2008, convicting and sentencing him for excessive speeding in violation of Hawaii Revised Statutes (HRS) § 291C-105(a)(1) and/or (a)(2) (2007).[2]
Assaye contends that the district court erred by: (1) receiving evidence of the reading of Officer Jeremy Franks's laser-speed gun because Plaintiff-Appellee State of Hawai`i failed to establish the requisite foundation for such evidence, and (2) violated his constitutional privilege against self-incrimination by imposing a sentence based upon his refusal to admit guilt to the excessive-speeding charge.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we conclude as follows:
(1) The district court did not err in admitting the laser-gun reading, State v. Stoa 112 Hawai`i 260, 265, 145 P.3d 803, 808 (App. 2006) (citing State v. Tailo, 70 Haw. 580, 582, 779 P.2d 11, 13 (1989)); and
(2) The district court erred in sentencing Assaye because the record reflects that the district court improperly penalized Assaye for his refusal to admit guilt and take responsibility for his conduct. State v. Kamanao, 103 Hawai`i 315, 323-24, 82 P.3d 401, 409-10 (2003).
Therefore, we: (1) affirm the judgment of conviction entered by the district court, but (2) remand this case to the district court for resentencing before a different judge.
NOTES
[1] The Honorable Christopher P. McKenzie presided.
[2] At the time Assaye allegedly committed the offense with which he was charged, HRS § 291C-105(a)(1) and (a)(2) stated:

Excessive speeding. (a) No person shall drive a motor vehicle at a speed exceeding:
(1) The applicable state or county speed limit by thirty miles per hour or more; or
(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.